UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 7, 2019

| | |
|---|---|
| **UNITED STATES OF AMERICA** : <br> : <br> v. : <br> : <br> **DEALLTO MCQUIL KEY DAVIS,** : <br> **also known as "DALTO KEY,"** : <br> : <br> **Defendant.** : <br> _____ : | Criminal No. <br><br> Violation: 18 U.S.C. § 401(3) |

## INDICTMENT

The Grand Jury charges that:

### BACKGROUND

**The Defendant**

1. On or about January 28, 2019, the defendant, Deallto McQuil Key Davis, also known as "Dalto Key" (Defendant Davis), was charged via Criminal Complaint in United States District Court for the District of Columbia with committing a criminal offense in case number 1:19-mj-00019-DAR.

**Defendant Davis's Release Conditions**

2. On or about March 8, 2019, Chief Judge Beryl A. Howell of the United States District Court for the District of Columbia issued an order setting conditions of release for Defendant Davis (the Release Order). One of the conditions of the Release Order was that Defendant Davis "must not violate federal, state, or local law while on release." The Release Order also required Defendant Davis to obtain court approval before traveling outside of the District of Columbia area.

3. The Release Order advised Defendant Davis that the penalties and sanctions for violating any of his release conditions included "a prosecution for contempt of court."

4. The Release Order contained a section entitled "Acknowledgement of the Defendant." The Defendant signed his name below the following Acknowledgement:

> I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release . . . . I am aware of the penalties and sanctions set forth above.

5. On or about June 6, 2019, Magistrate Judge Robin M. Meriweather of the United States District Court for the District of Columbia issued an amended "Order Setting Conditions of Release" (the Amended Released Order).

6. The Amended Release Order also included the condition that Defendant Davis "must not violate federal, state, or local law while on release." The Amended Release Order contained the same "Acknowledgement of the Defendant" as the Release Order. Defendant Davis signed his name on the Amended Release Order acknowledging that he was aware of his release conditions and the penalties and sanctions for violating any of those conditions.

**Defendant Davis's Motion to Modify Release Conditions to Travel to Florida**

7. On or about June 26, 2019, Defendant Davis filed a motion to temporarily modify his conditions of release so that he could travel to Hollywood, Florida, to vacation with his mother.

8. In his motion, Defendant Davis stated that he "and his mother currently have Amtrak tickets scheduling [sic] to leave Union Station at 7:25 p.m. on July 2, 2019 and arriving at the Fort Lauderdale stop on July 3, 2019 at a scheduled arrival time of 7:30 P.M. Mr. Davis and his mother are scheduled to leave July 6th at 9:00 A.M. arriving in Washington D.C. on July 7th at a scheduled arrival time of 10:00 A.M."

9. Defendant Davis's motion was granted on or about July 1, 2019.

**Defendant Davis's Use of the Name "Dalto Key" to Travel on Amtrak**

10. On or about September 3, 2019, the United States filed a pleading informing the United States District Court for the District of Columbia that Amtrak had no record of any reservations made in the names of "Deallto Davis" or his mother for the dates specified in Defendant Davis's motion to temporarily modify his conditions of release.

11. On or about September 12, 2019, Defendant Davis filed a response to the pleading. Defendant Davis stated that he had traveled on Amtrak using the name "Dalto Key." As part of the response, Defendant Davis attached an Amtrak boarding pass in the names of "Dalto Key" and "Suave Christian" for travel on July 2, 2019, from Washington, D.C., to Miami, Florida; and an Amtrak boarding pass in the names of "Dalto Key" and "Dujuan Darris" for travel on July 7, 2019, from Miami, Florida, to Washington, D.C.

**The Citibank Credit Card Account Holders**

12. Citibank, also known as "Citi," was a financial institution within the meaning of 18 U.S.C. § 20. Citibank's deposits were insured by the Federal Deposit Insurance Corporation.

13. J.C. had a Citibank credit card account. J.C. did not know Defendant Davis and never authorized Defendant Davis or anyone else to use his Citibank credit card to purchase Amtrak tickets.

14. M.L. had a Citibank credit card account. M.L. did not know Defendant Davis and never authorized Defendant Davis or anyone else to use her Citibank credit card to purchase Amtrak tickets.

**The Unauthorized Use of J.C.'s and M.L.'s Credit Cards to Purchase Amtrak Tickets**

15. On or about July 2, 2019, J.C.'s Citibank credit card was used without his authorization to purchase Amtrak tickets in the names of "Dalto Key" and "Suave Christian" for travel from Washington, D.C., to Miami, Florida. The total cost of the tickets was $1,375.

16. On or about July 2, 2019, J.C.'s Citibank credit card was used without his authorization to purchase Amtrak tickets in the names of "Dujuan Darris" and "Bear Remy" for travel from Washington, D.C., to Miami, Florida. The total cost of the tickets was $1,203.

17. On or about July 7, 2019, M.L.'s Citibank credit card was used without her authorization to purchase Amtrak tickets in the names of "Dalto Key" and "Dujuan Darris" for travel from Miami, Florida, to Washington, D.C. The total cost of the tickets was $1,535.

18. On or about July 8, 2019, J.C.'s Citibank credit card was used without his authorization to purchase Amtrak tickets in the names of "Dalto Key" and "Ashley Key" for roundtrip travel from Washington, D.C., to New York, New York. The total cost of the tickets was $1,072.

19. On or about July 8, 2019, J.C.'s Citibank credit card was used without his authorization to purchase an Amtrak ticket in the name of "Jason Key" for travel from Washington, D.C., to New York, New York. The total cost of the ticket was $234.

20. On or about July 9, 2019, J.C.'s Citibank credit card was used without his authorization to purchase an Amtrak ticket in the name of "Jason Key" for travel from New York, New York, to Washington, D.C. The total cost of the ticket was $156.

**Federal and Local Offenses Violated by Defendant Davis While on Pretrial Release**

21. It was a violation of the federal Bank Fraud statute, at Title 18, United States Code, Section 1344(2), for a person to knowingly execute, or attempt to execute, a scheme or artifice to

obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

22. Defendant Davis violated the federal Bank Fraud statute by participating in a scheme and artifice to obtain any of the moneys, funds, credits, assets, and other property owned by, and under the custody and control of Citibank by means of materially false and fraudulent pretenses, representations, and promises.

23. It was a violation of the District of Columbia Credit Card Fraud statute, at Title 22, D.C. Code, Section 3223(b)(2), for a person, with the intent to defraud, to obtain or pay for property or services by knowingly using a credit card, or the number or description thereof, which has been issued to another person without the consent of the person to whom it was issued.

24. Defendant Davis violated the District of Columbia Credit Card Fraud statute by, with intent to defraud, obtaining and paying for property and services belonging to Amtrak, consisting of Amtrak tickets, by knowingly using credit cards issued to J.C. and M.L., and the number and description thereof, without the consent of J.C. and M.L.

## COUNTS ONE THROUGH SEVEN
### (Contempt)

25. On or about the following dates, Defendant Davis willfully disobeyed and resisted a lawful order and command of the United States District Court for the District of Columbia, that being the condition in the Release Order and Amended Release Order that Defendant Davis not violate federal, state, or local law:

| Count | Date(s) | Violation of Law |
|---|---|---|
| One | July 2, 2019, through July 9, 2019 | Bank Fraud; 18 U.S.C. § 1344(2) |
| Two | July 2, 2019 | Credit Card Fraud; D.C. Code § 22-3223(b)(2) (purchase of Amtrak tickets for $1,375) |

5

| Count | Date(s) | Violation of Law |
|---|---|---|
| Three | July 2, 2019 | Credit Card Fraud; D.C. Code § 22-3223(b)(2) (purchase of Amtrak tickets for $1,203) |
| Four | July 7, 2019 | Credit Card Fraud; D.C. Code § 22-3223(b)(2) (purchase of Amtrak tickets for $1,535) |
| Five | July 8, 2019 | Credit Card Fraud; D.C. Code § 22-3223(b)(2) (purchase of Amtrak tickets for $1,072) |
| Six | July 8, 2019 | Credit Card Fraud; D.C. Code § 22-3223(b)(2) (purchase of Amtrak ticket for $234) |
| Seven | July 9, 2019 | Credit Card Fraud; D.C. Code § 22-3223(b)(2) (purchase of Amtrak ticket for $156) |

**(Contempt, pursuant to Title 18, United States Code, Section 401(3))**

A TRUE BILL:

_____
FOREPERSON

_____
ATTORNEY FOR THE UNITED STATES
IN AND FOR THE DISTRICT OF COLUMBIA